UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CODORUN FARMS, INC., *Plaintiff* <br><br> v. <br><br> WEST MANCHESTER TOWNSHIP, STEVEN HARLACHER, RONALD RUMAN, DAVE MARKEL, RACHELLE SAMPERE, and KELLY K. KELCH *Defendants* | Civil Action No. |

## COMPLAINT

Plaintiff, Codorun Farms, Inc., by and through its undersigned counsel, files the following Complaint against Defendants, West Manchester Township, Steven Harlacher, Ronald Ruman, Dave Markel, Rachelle Sampere, and Kelly Kelch (collectively "Defendants"), as a result of Defendants' deprivation of Plaintiff's rights secured by the United States Constitution and laws, for which Plaintiff seeks monetary relief:

## The Parties

1. Plaintiff Cordorun Farms, Inc. is a Pennsylvania corporation with a registered address of 10 Codorun Lane, York, Pennsylvania 17408.

2. West Manchester Township ("Township") is a Pennsylvania municipality, with an address of 380 East Berlin Road, York, Pennsylvania 17408.

3. Defendant Steven Harlacher is an adult individual with a business address of 380 East Berlin Road, York, Pennsylvania 17408.

4. Defendant Harlacher is, and at times relevant herein was, a Township Supervisor.

5. Defendant Ronald Ruman is an adult individual with a business address of 380 East Berlin Road, York, Pennsylvania 17408.

6. Defendant Ruman is, and at times relevant herein was, a Township Supervisor.

7. Defendant Dave Markel is an adult individual with a business address of 380 East Berlin Road, York, Pennsylvania 17408.

8. Defendant Markel was, at times relevant herein, a Township Supervisor.

9. Defendant Rachelle Sampere is an adult individual with a business address of 380 East Berlin Road, York, Pennsylvania 17408.

10. Defendant Sampere is, and at times relevant herein was, the Township Zoning Officer with a business address of 380 East Berlin Road, York, Pennsylvania 17408.

11. Defendant Kelly Kelch is an adult individual with a business address of 380 East Berlin Road, York, Pennsylvania 17408.

12. Defendant Kelch is, and at times relevant herein was, the Township Manager.

## Jurisdiction and Venue

13. This Court has jurisdiction over this civil action brought pursuant to 42 U.S.C.A. § 1983 for deprivation of civil rights.

14. Venue is appropriate in this Court in that West Manchester Township is a township within York County, Pennsylvania located within the judicial district of the United States District Court for the Middle District of Pennsylvania.

## Relevant Facts

15.   Plaintiff Codorun Farms, Inc. ("Codorun Farms") is the owner of a tract of land located in York County Pennsylvania at the address of 10 Codorun Lane and its neighboring parcel 3 Hokes Mill Road (together, the "Property").

16.   Codorun Farms' Property is a historic parcel in York County, locally known for its historic architecture and idyllic landscaping, sprawling over 400+ acres of farmland.

17.   Codorun Farms' owners spend significant time and resources in ensuring the farm Property maintains an exceptional aesthetic quality as set forth in its mission statement.

18.   In or around fall 2018 to spring 2019, for unknown reasons, West Manchester Township agents, without notice to or permission from Codorun Farms, entered the Property and on two separate occasions destroyed and removed boundary and wildlife habitat hedgerows from along the Property. The hedgerows which were destroyed and removed measured eighty-eight feet (88') and one-hundred feet (100'), respectively, and each had a depth of twenty-five feet (25').

19.   In response, Codorun Farms submitted a Right-To-Know Law request under Pennsylvania law to the Township ("RTKL Request"), seeking to obtain

information regarding who, with or on behalf of the Township, had directed that Codorun Farms' hedgerows be destroyed and removed and how and why this destruction and removal was carried out. See RTKL Request attached hereto as Exhibit A.

20. In response, and in consideration of it foregoing the production of the requested records, the Township offered to pay Codorun Farms the sum of $11,928.65. See General Release attached hereto as Exhibit B.

21. Upon information and belief, the General Release was approved by the Supervisor Defendants and Defendant Kelch.

22. Although the General Release regarding the destruction and removal of Codorun Farms' hedgerows served to resolve that matter in the eyes of Codorun Farms, it did not end efforts by the Township and the other Defendants targeting of Codorun Farms.

23. Since that time, the Township and the other Defendants have continued a course of conduct designed to deliberately target Codorun Farms and abuse its/their government powers by imposing arbitrary and frivolous fines and penalties on Codorun Farms under color of law.

10430772.7

24. Upon information and belief, this retaliation was motivated, in whole or in part, by retribution for Codorun Farms' RTKL Request, and payment by the Township under the General Release related thereto.

25. For example, for many decades, Codorun Farms has been the victim of illegal dumping on its Property along Old Salem Road, a Township road.

26. Because of its rural location and proximity thereto, individuals use Old Salem Road as a discrete location to dispose of large unwanted debris.

27. This is a known problem in the Township, and historically the Township has regularly sent maintenance crews to the Property to remove the debris for many years.

28. In fact, Codorun Farms' principal, Melvin Campbell, testified under oath before the Township Zoning Hearing Board that this practice has been in place for approximately 60+ years.

29. Following the hedgerow incident, however, the Township refused to continue to maintain Old Salem Road, instead allowing the debris to accumulate.

30. The Township did not take any action to prevent the illegal dumping by the public, such as posting signs or involving law enforcement.

10430772.7

31. Instead, on March 3, 2022, the Township, through Defendant Sampere, issued a Notice of Violation ("Notice of Violation" or "NOV") to Codorun Farms alleging that Codorun Farms was in violation of Section 150-230(C) of the Township Zoning Ordinance ("Ordinance"), which prohibits "the outdoor accumulation of trash, garbage, refuse or junk for a period of exceeding 15 days…". See Notice of Violation attached hereto as Exhibit C.

32. At that time and all relevant times hereto, the Township knew that Codorun Farms had not left the debris along the Old Salem Road.

33. The Township knew that Codorun Farms maintains the Property with immaculate care consistent with its beautification program and would not impair the aesthetics of its historic farm.

34. Nonetheless, without warning, the Township decided to cease its long-standing practice of removing debris along Old Salem Road. See Township Solicitor's Letter dated March 25, 2022 attached hereto as Exhibit D ("Twp. Solicitor's Letter").

35. Codorun Farms was cited for the dumping of other individuals.

36. Indeed, the Township was so anxious to cite Codorun Farms that it did not follow its own ordinance in that any alleged debris must be present for a

10430772.7

period of at least 15 days as required by Section 150-230(C) of the Ordinance; rather, Defendant Sampere testified at a Zoning Hearing Board hearing that, although the NOV was issued on March 3, 2022, she first noticed the illegal dumping that is the subject of the NOV on February 23, 2022. Defendant Sampere then acknowledged that the NOV was thereafter issued just nine (9) days later on March 3, 2022. (See Ex. C "NOV").

37. Codorun Farms challenged the Notice of Violation before the Township Zoning Hearing Board.

38. At the Township Zoning Hearing Board hearing Defendant Sampere testified that despite being the Zoning Officer for over eight (8) years, and there having been no relevant change to the Ordinance in that time, this was the first time that she and the Township elected to raise this issue and cite Codorun Farms.

39. Defendant Sampere, consistent with the Twp. Solicitor's Letter, testified that the Township previously assisted with the trash collection along Old Salem Road.

40. Defendant Sampere testified that the Township had an oral policy in this regard but that it had recently changed.

41. When asked at the Zoning Hearing Board hearing why the Township stopped this practice, Defendant Sampere testified that "it was due to litigation."

42. When pressed what she meant by "litigation", Defendant Sampere testified that "[t]here was damage done to Codorun Farms' property and the [T]ownship was sued."

43. Throughout the Zoning Hearing Board hearing, the Township Solicitor repeatedly sought to suppress testimony regarding the hedgerow incident and settlement related thereto .

44. Predictably, despite fatal legal errors and a failure to follow the express language of the penal Ordinance, Codorun Farms' appeal of the Notice of Violation ("Notice of Appeal") was denied and the NOV upheld, largely due to Defendant Sampere's testimony and the Township's argument in opposition to the same.

45. Accordingly, Codorun Farms was forced to take an appeal.

46. On May 3, 2024, the Court of Common Pleas of York County Pennsylvania granted Codorun Farms' appeal and reversed the Notice of Violation.

47. Meanwhile, as part of its ongoing beautification of its pastoral landscape, Codorun Farms installed stone pillars at multiple gate entrances on the farm Property.

48. These stone pillars contributed to the historic sense of place for the farm Property and, again, contributed to its iconic status and beauty in the York County community.

49. The stone pillars stood for more than six months without issue.

50. Then, after the hedgerow incident, and after the improper Notice of Violation for third parties' illegal dumping, the Township initiated another enforcement proceeding against Codorun Farms by the issuance of yet another Notice of Violation involving the stone pillars which replaced existing gate/fence systems ("Second Notice of Violation"). See Second Notice of Violation attached hereto as Exhibit E.

51. In that proceeding, *inter alia*, the Township insisted that Codorun Farms required a building permit for the erection of stone pillars.

52. The stone pillars had been present for months, contributed to the beauty of the community, posed no hazard, and otherwise had no negative impact.

10430772.7

53. While Codorun Farms disputed that a building permit was necessary, it nevertheless offered to apply for a permit for the stone pillars.

54. Codorun Farms applied for a zoning variance for the stone pillars.

55. The Township retained counsel to actively oppose Codorun Farms' variance application before the Township Zoning Hearing Board.

56. Despite the Township's vigorous opposition, Codorun Farms was granted the variance, with some limited conditions, such as establishing that the pillars are not in the right of way for the Pennsylvania Department of Transportation ("PennDOT").

57. Again, though, the Township elected to take ardent steps to make the process as complex, costly, and difficult as possible. For example, the Township sent its engineer to the Property to inspect the depth of the footers, despite being repeatedly assured by Plaintiff's mason they had been placed at the correct depth.

58. To that end, the Township has insisted that the only acceptable proof that the stone pillars are not in the PennDOT right of way is a formal letter authored by a PennDOT employee despite this requirement not being part of the express variance conditions.

10430772.7

59. Upon information and belief, PennDOT employees do not author letters on demand; as a result of this demand, the Township attempted to create a *defacto* "dead-end" to Codorun Farms' ability to proceed.

60. It was only after Codorun Farms pressed the issue that the Township relented and accepted a letter from Codorun Farms' consultant as sufficient to meet the Township-imposed variance condition.

61. Upon information and belief, in another effort to harass and intimidate Codorun Farms, the Township reported the presence of dirt piles on Codorun Farms property to the York County Conservation District. Codorun Farms was forced to spend time and energy to address the matter.

62. Through the foregoing conduct, the Township on its own and through and/or in concert with the other named Defendants, have evidenced a malicious intent and concerted course of conduct under color of law designed to specifically target Codorun Farms.

63. The Defendants have used their position of authority to further their own personal agenda, including those motivated by ill will and animus to Codorun Farms.

10430772.7

64. As a result, Defendants have violated Codorun Farms' Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution.

## Count I
## Substantive Due Process

65. Plaintiff incorporates by reference all foregoing Paragraphs as though set forth in full herein.

66. Defendants' repeated targeting on Codorun Farms for false violations, arbitrary refusal to provide standard permits and deviations from customary practice, violates its due process rights under 42 U.S.C.A. § 1983.

67. Defendants have implemented and enforced a practice and policy of issuing targeted violations to Codorun Farms due to personal animus.

68. At all times relevant hereto, the Defendants were acting under color of state law.

69. As a result of Defendants' conduct, Codorun Farms has and will suffer irreparable harm and a severe economic loss, including reputational loss, damage to its brand, and threats to safety of farm property and its owners persons.

70. Defendants' conduct toward Codorun Farms has been willful, wanton and outrageous and specifically designed to punish Codorun Farms without justification warranting the imposition of punitive damages.

WHEREFORE, Plaintiff demands judgment against Defendants in an unliquidated amount in excess of $75,000, plus interest, plus reasonable attorney's fees, punitive damages and costs of suit.

BARLEY SNYDER LLP

By: _____
Lindsey M. Cook
PA ID 323326
100 East Market Street
York, PA 17401
717-846-8888
Fax: 717-843-8492
E-Mail: lcook@barley.com
Attorneys for Plaintiff

10430772.7