# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CODORUN FARMS, INC., | : | Civil No. 1:24-CV-863 |
| Plaintiff, | : | |
| v. | : | |
| WEST MANCHESTER TOWNSHIP, *et al.*, | : | Judge Jennifer P. Wilson |
| Defendants. | : | |

## MEMORANDUM

Before the court is the motion to dismiss for failure to state a claim, filed by Defendants West Manchester Township ("Township"), Steven Harlacher, Ronald Ruman, Dave Markel, Rachelle Sampere, and Kelly K. Kelch (collectively "Defendants"). (Doc. 11.) Plaintiff Codorun Farms alleges the Township violated its rights to substantive due process in the course of litigating multiple zoning disputes. (Doc. 1.) For the reasons that follow, the motion will be granted.

### FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Codorun Farms alleges that in approximately the fall of 2018 to the spring of 2019 the Township entered Codorun Farms' 400-plus acre property and removed two large hedgerows without notice. (Doc. 1, ¶¶ 16, 18.) As a result of this conduct, Codorun Farms filed a Right to Know Law ["RTKL"] request regarding the incident. (*Id.* ¶ 19.) Codorun Farms alleges that "in consideration of it foregoing the production of the requested records, the Township offered to pay

1

Codorun Farms . . . $11,928.65." (*Id.* ¶ 20; Doc. 1-3.) Codorun Farms accepted this offer. (Doc. 1, ¶ 20.) According to Codorun Farms, "[s]ince [the release], the Township and the other Defendants have continued a course of conduct designed to deliberately target Codorun Farms and abuse its/their government powers by imposing arbitrary and frivolous fines and penalties on Codorun Farms under color of law." (*Id.* ¶ 23.) Defendants are allegedly motived by "retribution for Codorun Farms' RTKL Request and payment by the Township under the General Release related thereto." (*Id.* ¶ 24.)

Codorun Farms alleges three specific actions that the Township has taken that have targeted Codorun Farms. First, Codorun Farms notes that it has had a problem with illegal trash dumping on its property along Old Salem Road. (*Id.* ¶¶ 25, 26.) "[H]istorically[,] the Township has regularly sent maintenance crews to the Property to remove the debris[.]" (*Id.* ¶ 27.) This has been a practice for over sixty years. (*Id.* ¶ 28.) However, following the "hedgerow incident," the Township stopped collecting the trash and "did not take any action to prevent the illegal dumping by the public, such as posting signs or involving law enforcement." (*Id.* ¶ 30.)

The second action is that Defendant Rachelle Sampere ("Defendant Sampere"), the Township's zoning officer, issued a notice of violation of a Township zoning ordinance for allowing outdoor accumulation of garbage on

March 3, 2022. (*Id.* ¶¶ 10, 31.) The Township issued this notice knowing that Codorun Farms "had not left the debris along the Old Salem Road" and cited the Township for "the dumping of other individuals." (*Id.* ¶¶ 32, 35.) Codorun Farms timely appealed this notice to the zoning hearing board, which found in favor of the Township. (*Id.* ¶¶ 37, 44.) At the hearing before the zoning hearing board, Defendant Sampere testified that the Township stopped collecting the trash "due to litigation" and then clarified that "litigation" referred to a situation where "[t]here was damage done to Codorun Farms' property and the [T]ownship was sued." (*Id.* ¶¶ 41, 42.) Codorun Farms appealed this decision and on May 3, 2024, and the Court of Common Pleas of York County reversed the notice of violation. (*Id.* ¶¶ 45, 46.)

The third action that Codorun Farms alleges is that the Township issued a second notice of violation, insisting that Codorun Farms needed a building permit for stone pillars that had "been present for months, contributed to the beauty of the community, posed no hazard, and otherwise had no negative impact." (*Id.* ¶¶ 50–52; Doc. 1-6.) Codorun Farms applied for a zoning variance, which the zoning hearing board granted, with the condition of "establishing that the pillars are not in the right of way for the Pennsylvania Department of Transportation ("PennDOT")." (*Id.* ¶¶ 54–56.) The Township made complying with the conditions "as complex, costly, and difficult as possible[,]" specifically by sending

3

its own engineer to the property to inspect the pillars, instead of relying on Codorun Farms' consultant, as well as insisting on a formal letter from PennDOT that the pillars were not in its right of way. (*Id.* ¶¶ 57, 58.) Ultimately, "Codorun Farms pressed the issue [and] the Township relented and accepted a letter from Codorun Farms' consultant as sufficient to meet the Township-imposed variance condition." (*Id.* ¶ 60.) Finally, although not discussed in Codorun Farms' brief in opposition, the Township also "reported the presence of dirt piles on Codorun Farms property to the York County Conservation District. Codorun Farms was forced to spend time and energy to address the matter." (*Id.* ¶ 61.)

Codorun Farms alleges that the above conduct "evinced a malicious intent and concerted course of conduct under color of law designed to specifically target Codorun Farms[,]" and further that "[t]he Defendants have used their position of authority to further their own personal agenda, including those motivated by ill will and animus to Codorun Farms." (*Id.* ¶ 62, 63.)

In its complaint, filed on May 24, 2024, Codorun Farms alleges one count of violation of its Fourteenth Amendment substantive due process rights under 42 U.S.C. § 1983 due to "Defendants' repeated targeting [of] Codorun Farms for false violations, arbitrary refusal to provide standard permits and deviations from customary practice[.]" (*Id.* ¶ 66.) Defendants filed a motion to dismiss for failure to state a claim and supporting brief on August 2, 2024. (Docs. 11, 12.) Codorun

4

Farms filed a brief in opposition on August 15, 2024. (Doc. 13.) Defendants did not file a reply brief. Thus, the motion to dismiss is ripe and ready for disposition.

## JURISDICTION AND VENUE

This court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1343 because Codorun Farms alleges a violation of its constitutional rights under 42 U.S.C. § 1983. Venue is proper in the Middle District of Pennsylvania under 28 U.S.C. § 1391 because all parties are located within the Middle District of Pennsylvania and all events alleged in the complaint occurred within the Middle District.

## STANDARD OF REVIEW

In order "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Conclusory allegations of liability are insufficient" to survive a motion to dismiss. *Garrett v. Wexford Health*, 938 F.3d 69, 92 (3d Cir. 2019) (quoting *Iqbal*, 556 U.S. at 678–79). To determine whether a complaint survives a motion to dismiss, a court identifies "the elements a plaintiff must plead

to state a claim for relief," disregards the allegations "that are no more than conclusions and thus not entitled to the assumption of truth," and determines whether the remaining factual allegations "plausibly give rise to an entitlement to relief." *Bistrian v. Levi*, 696 F.3d 352, 365 (3d Cir. 2012) *abrogated on other grounds as recognized in Mack v. Yost*, 968 F.3d 311, 319 n. 7 (3rd Cir. 2020).

## DISCUSSION

Defendants raise two arguments as to why Codorun Farms' complaint should be dismissed. First, Defendants argue that Codorun Farms fails to state a claim for a violation of substantive due process because it has not alleged any action by the Township that shocks the conscience. (Doc. 12.) Second, Defendants argue that naming the individual defendants is "unnecessary and redundant" because naming the Township is sufficient. (*Id.*) The court will address only the argument regarding failure to state a claim because it fully resolves the motion.

Defendants argue that, under the standard applicable to substantive due process violations arising from land use disputes, Codorun Farms has failed to allege behavior by local officials that shocks the conscience. (Doc. 12, p. 5.)[1] Specifically, Defendants argue that Codorun Farms "has failed to allege sufficient factual averments that Defendants acted willfully, wontly [sic], outrageously and

---

[1] For ease of reference, the court uses the page numbers contained in the CM/ECF header.

specifically designed to punish Plaintiff without justification." (*Id.* at 6.) Defendants characterize the conduct described in the complaint as "[t]he resolution of a disagreement over third party illegal dumping under supervision of the Court of Common Pleas" and issuance of a violation notice for failure to secure proper zoning approvals in advance of work on the property. (*Id.*) Defendants argue that these actions cannot satisfy the legal standard for a deprivation of due process. (*Id.*)

Codorun Farms responds by contesting the application of the "shocks the conscience" test to the actions alleged in its complaint. (Doc. 13.) First, Codorun Farms argues, without citation to any authority, that the Township changing its unwritten policy of collecting trash on the perimeter of Codorun Farms' property is a legislative action. (Doc. 13, p. 16.) Codorun Farms argues that a substantive due process challenge to a legislative action only requires a plaintiff to show "'that the act [is] rationally related to some legitimate government purpose.'" (*Id.* at 17 (quoting *Nicholas v. Pa. State Univ.*, 227 F.3d 133, 142 (3d Cir. 2000)). According to Codorun Farms, it has met this burden because "Defendants have expressly admitted that the purpose of this legislative change was to retaliate [against] Codorun for seeking compensation for damage to its property. This is not a rational government interest[.]" (*Id.*) Second, Codorun Farms argues, again without citation, that the violation notice for the illegal dumping is "an improperly

7

issued criminal penalty[,]" and the court should find that the Township's actions shocked the conscience because "Defendants here deliberated on their course of action, then decided to intentionally harm Codorun.  Clearly, this shocks the conscience and cannot be permitted to stand in a just society." (*Id.* at 18, 19.) Finally, Codorun Farms argues that the Township's decision to complicate Codorun Farms' compliance with a zoning variance shocks the conscience because "Defendants took deliberate and malicious action against a private property owner, despite it serving no government interest, despite it actively harming the interests of the local taxpayers, and despite it being driven by personal animus." (*Id.* at 19.)

Preliminarily, the court disagrees with Codorun Farms that some actions by the Township are legislative and require the application of a different standard. The Third Circuit Court of Appeals has recognized two strands of substantive due process protection, differentiated by the nature of the government action: legislative versus non-legislative.  *Nicholas*, 227 F.3d at 142.  Non-legislative, or executive, actions "typically apply to one person or to a limited number of persons, while legislative acts, generally laws and broad executive regulations, apply to large segments of society." *Id.* at 139, n.1.  Although Codorun Farms argues that the Township "changing the policy" regarding trash pickup along Old Salem Road is "a legislative decision, as it involves modification of Township policy[,]" it cites no case law that supports this proposition.  Thus, the court will apply the standard

from *Nicholas* to determine if the Township changing its policy is a legislative action.  Codorun Farms does not allege in its complaint that there was an official, written Township policy or agreement between the parties regarding the removal of trash from this road, or that the policy is broad-reaching or akin to an official zoning ordinance adopted by the Township.  Rather, the action is executive because it regards a limited number of people, specifically, only Codorun Farms.  Accordingly, the Township changing the policy is an executive action.  Next, Codorun Farms provides no support for the proposition that the Township issuing the notice violation involving the illegal trash dumping is a "criminal penalty."  Issuing a violation notice is clearly an executive action targeted at one entity, Codorun Farms.  Thus, all challenged actions are executive actions.

To state a claim for a substantive due process violation due to an executive action, a plaintiff must show that the action "shocks the conscience."[2]  *United Artists Theatre Circuit, Inc. v. Twp of Warrington, PA*, 316 F.3d 392, 400 (3d Cir. 2003). Whether an action shocks the conscience "varies depending on the factual context."  *Id.*  "What is clear is that this test is designed to avoid converting federal courts into super zoning tribunals.  What 'shocks the conscience' is 'only the most

---

[2] A plaintiff also must show that they were deprived of a property interest protected by the Constitution.  *Nicholas*, 227 F.3d at 138.  The Third Circuit has "so far limited non-legislative substantive due process review to cases involving real property ownership."  *Id.* at 141.  Defendants do not contest that Codorun Farms has been deprived of a property interest.

egregious official conduct.'" *Eichenlaub v. Twp. of Indiana*, 385 F.3d 274, 285 (3d Cir. 2004) (cleaned up). In the context of zoning or land disputes, the Third Circuit has explained what conduct shocks the conscience by sketching the outer limits. For example, in *Eichenlaub*, the Third Circuit held that a zoning official applying subdivision requirements to one property but not others; pursuing "unannounced and unnecessary inspection and enforcement actions;" delaying permits and approvals, improperly increasing tax assessments, and "malign[ing] and muzzl[ing]" property owners did not shock the conscience. *Id.* at 286. However, the Third Circuit opined that the following conduct did shock the conscience: "seeking to hamper development in order to interfere with otherwise constitutionally protected activity at the project site, or because of some bias against an ethnic group[;]" and effecting a "virtual 'taking'" through an unauthorized seizure and forced sale that also "carried a whiff of self-dealing." *Id.* at 285–86.

Codorun Farms does not allege conduct by the Township that shocks the conscience sufficient to state a claim for a violation of due process. Codorun Farms has only alleged ordinary zoning disputes, such as those discussed in *Eichenlaub*. Changing an unwritten, although longstanding, policy, and issuing a notice of violation for trash on the property and for the stone pillars are simply regular zoning disputes, akin to maligning and muzzling a property owner or

applying certain requirements to one property but not the other. *Id.* at 286. The disputes are undeniably typical, shown by Codorun Farms ability to address them through the zoning hearing board and the Court of Common Pleas. There has been no allegation of self-dealing or interfering with otherwise constitutionally protected activity or for reasons of bias against an ethnic group. *Id.*

Further, even taking as true the allegations of personal animosity, that alone does not elevate this type of conduct into conduct that shocks the conscience in violation of the Fourteenth Amendment. *See Chainey v. Street*, 523 F3d 200, 220 (3d Cir. 2008) ("While the meaning of the [shocks the conscience] standard varies depending upon factual context, merely alleging an improper motive is insufficient, even where the motive is unrelated to the merits of the underlying decision.") Accordingly, Codorun Farms has failed to state a claim for violation of its substantive due process rights. The motion to dismiss will be granted and the complaint will be dismissed without prejudice.

In civil rights cases, "district courts must offer amendment–irrespective of whether it is requested–when dismissing a case for failure to state a claim unless doing so would be inequitable or futile." *Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007). "Amendment would be futile if the amended complaint would not survive a motion to dismiss." *Budhun v. Reading Hosp. & Med. Ctr.*, 765 F.3d 245, 259 (3d Cir. 2014). Here, given that

there could possibly be facts that could be sufficient to state a claim, such as self-dealing, interference with a constitutionally protected right, or ethnic bias on behalf of the Township, amendment is not futile, and Codorun Farms will be given leave to amend.

## CONCLUSION

For the foregoing reasons, the motion to dismiss will be granted. An order follows.

s/Jennifer P. Wilson<br>
JENNIFER P. WILSON<br>
United States District Judge<br>
Middle District of Pennsylvania

Dated: December 27, 2024